IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Andrew Ball,<br><br>     Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>     Defendants. | No. CV-12-01574-PHX-BSB<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff, proceeding pro se, has filed a "Notice for Reinstatement with Motion to Transfer to District Judge FRCP 42.1." (Doc. 52.) Although Plaintiff cites Federal Rule of Civil Procedure 42.1, he appears to refer to Local Rule of Civil Procedure 42.1 which provides for the transfer of cases to a single judge "[w]hen two or more cases are pending before different Judges" that: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or question of law; (3) involve the same patent, trademark, or copyright; or (4) "for any other reason that would entail substantial duplication of labor if heard by different Judges." LRCiv 42.1(a). None of those circumstances are present in this case, therefore, transfer under Rule 42.1 is inappropriate. However, liberally construing the pro se filing, Plaintiff appears to request permission to withdraw his consent to the magistrate judge and reassignment of this case to a district judge. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Pro se

complaints are to be construed liberally . . . ."). For the reasons below, Plaintiff's motion should be denied.[1]

**I.     Background**

Plaintiff commenced this matter seeking review of a determination of the Commissioner of Social Security on July 23, 2012. (Doc. 1.) That same day, the case was assigned to Magistrate Judge Bridget S. Bade. (Doc. 3.) Plaintiff and Defendant consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636. (Doc. 9.) On October 31, 2013, the Court entered an order affirming the Commissioner's decision and the Clerk of Court entered Judgment on November 8, 2013. (Docs. 45, 46.) Plaintiff now seeks to rescind his consent to magistrate judge jurisdiction and requests reassignment to a district judge.[2] (Doc. 52.)

**II.    Discussion**

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (en banc). This right can be waived and the parties can consent to proceed before a magistrate judge. *Id.* at 542; 28 U.S.C. § 636(c)(1). As previously stated, this case was randomly assigned to a magistrate judge, and Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Plaintiff wants to withdraw that consent because he disagrees with the Court's Order affirming the Commissioner's determination. (Doc. 42.) Plaintiff does not make any allegations of bias or impartiality against the magistrate judge.

---

[1] Because Federal Rule of Civil Procedure 73(b)(3) provides that "the district judge may vacate a referral to a magistrate judge," under this rule, the Court proceeds by a Report and Recommendation to the Honorable Stephen M. McNamee. *See* General Order 11-03.

[2] Plaintiff has filed two prior motions seeking reconsideration of the Court's October 31, 2013 order, which the Court denied. (Docs. 47, 50.) In both orders, the Court advised Plaintiff that he could seek review of the October 31, 2013 order in the Ninth Circuit Court of Appeals. (Doc. 47 at 1 n.1, Doc. 50 at 1.) To date, Plaintiff has not filed a notice of appeal with this Court.

Although a party in a civil case does not have "an absolute right" to withdraw consent to trial and other proceedings before a magistrate judge, *see Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993), the court may vacate the reference of a civil matter to a magistrate judge "for good cause shown on its own motion, or under extraordinary circumstances shown by any party."  28 U.S.C. § 636(c)(4); *see also* Fed. R. Civ. P. 73(b)(3).  These requirements are "strictly construed." *Montano v. Solomon*, 2010 WL 2403389, at *1–2 (E.D. Cal. 2010) (citing *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995) (party's legal successor bound by party's consent to jurisdiction of magistrate judge)).

The factors relevant to the court's consideration of a request to withdraw consent to magistrate judge jurisdiction include the timeliness of the request, whether granting the request would unduly interfere with or delay the proceedings, and whether the party's consent was voluntary and uncoerced. *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1983) (citing *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) (considering "inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting pro se, whether the motion is made in good faith, and whether the interests of justice would be served by holding a party to his consent")).

Here, although Plaintiff is proceeding without counsel, there is no evidence that his consent to magistrate judge jurisdiction was involuntary or coerced.  Plaintiff does not argue that his initial consent was involuntary. (Doc.52.)  Additionally, Plaintiff's request to rescind his consent is untimely because it was made after the Court entered judgment in this matter.  Plaintiff's disagreement with the Court's rulings does not constitute good cause or an extraordinary circumstance for withdrawing consent to the jurisdiction of a magistrate judge. *See M&I Marshall & Ilsley Bank v. McGill*, 2011WL 2464184, at *2 (D. Ariz. Jun. 21, 2011) (denying motion to withdraw consent stating that disagreement with magistrate judge's rulings is not an extraordinary circumstance); *Graham v. Runnels*, 2010 WL 3941428, *2 (E.D. Cal. Oct. 5, 2010) (denying reconsideration of order denying plaintiff's motion to withdraw consent).

1   Plaintiff has not presented evidence of "extraordinary circumstances," and the Court does not find good cause at this time to vacate the reference to a magistrate judge. Because Plaintiff has not made a showing entitling him to withdraw his consent, the Court recommends that Plaintiff's "Notice for Reinstatement with Motion to Transfer to District Judge FRCP 42.1," construed as a motion to rescind his consent and for reassignment to a district judge, be denied.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's "Notice for Reinstatement with Motion to Transfer to District Judge FRCP 42.1" (Doc. 52), construed as a motion to rescind his consent and for reassignment to a district judge, be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of December, 2013.

_____
Bridget S. Bade
United States Magistrate Judge