**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Andrew Ball,<br><br>        Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>        Defendant. | No. CV-12-01574-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Plaintiff Dennis Andrew Ball's ("Plaintiff") Notice for Reinstatement with Motion to Transfer to District Judge FRCP 42.1 (Doc. 52), which has been construed as a motion to rescind his consent to the Magistrate Judge's jurisdiction and for reassignment of this case to a district judge (Doc. 53).

## BACKGROUND

On July 23, 2012 Plaintiff commenced this matter seeking review of the final decision of the Commissioner of Social Security. (Doc. 1.) The matter was assigned to Magistrate Judge Bridget S. Bade. (Doc. 3.) Pursuant to 28 U.S.C. 636(c), Plaintiff and Defendant voluntarily consented to Magistrate Judge Bridget S. Bade's jurisdiction in the matter. (Doc. 9.) On October 13, 2013, the Court entered an order affirming the Commissioner of Social Security's decision and on November 8, 2013, the Clerk of Court entered judgment. (Docs. 42, 46.) Plaintiff filed motions for reconsideration of the Court's October 31, 2013 Order on

two occasions. (Docs. 45, 49.) However, the Court denied both the motions. (Docs. 47, 50.) Plaintiff now seeks to rescind his consent to Magistrate Judge's jurisdiction and requests a reassignment of the matter to a district judge. (Doc. 52.) On December 13, 2013, the Magistrate Judge filed a Report and Recommendation with this Court recommending that the motion be denied. (Doc. 53.) On December 20, 2013, Plaintiff filed his Objections to the Report and Recommendation. (Doc. 54.) After considering the Report and Recommendation and the arguments raised in Plaintiff's Objections thereto, the Court now issues the following ruling.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)). Further, a party in a civil case does not have "an absolute right" to withdraw consent to trial and other proceedings before a magistrate judge. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). However, the court may vacate the reference of a civil matter to a Magistrate Judge "for good cause on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); see Fed. R. Civ. P. 73(b)(3). These requirements are "strictly construed." Montano v. Solomon, 2010 WL 2403389, at *1-2 (E.D. Cal. 2010) (citing Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc., 53 F.3d 851, 852 (7th Cir. 1995)).

**DISCUSSION**

The factors relevant to the Court's consideration of a request to withdraw consent to a Magistrate Judge's jurisdiction include the timeliness of the request, whether granting the request would unduly interfere with or delay the proceedings, and whether the party's consent was voluntary or uncoerced. United States v. Nevelli, 985 F.2d 992, 1000 (9th Cir.

1983) (citing Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1021 (5th Cir. 1987) (considering "inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting pro se, whether the motion is made in good faith, and whether the interests of justice would be served by holding a party to his consent")).

Here, Plaintiff has failed to set out any meritorious objections that would permit him to withdraw his consent to the jurisdiction of the Magistrate Judge. (Doc. 54.) Even liberally construing the pro se filings, Plaintiff has not raised any new arguments, allegations, objections or claims different from those that have already been presented before the Magistrate Judge at trial. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Pro se complaints are to be construed liberally . . . ."). In fact, Plaintiff is not seeking a withdrawal of his consent; instead he has raised substantive arguments about the Magistrate Judge's October 31, 2013 Order. (Doc. 42.) While Plaintiff could appeal the Magistrate Judge's October 31, 2013 Order to the Ninth Circuit Court of Appeals, he may not seek withdrawal of his consent to the Magistrate Judge's jurisdiction only because he disagrees with the Court's Order.

Plaintiff's disagreement with Magistrate Judge Bade's ruling does not constitute good cause or extraordinary circumstances. See M&I Marshall & Ilsley Bank v. McGill, No. 10–CV–1436–PHX–ECV, 2011 WL 2464184, at *2 (D. Ariz. Jun. 21, 2011) (denying motion to withdraw consent stating that disagreement with magistrate judge's rulings is not an extraordinary circumstance); Graham v. Runnels, No. CIV S–07–2291 GGH P, 2010 WL 3941428, *2 (E.D. Cal. Oct. 5, 2010) (denying reconsideration of order denying plaintiff's motion to withdraw consent); see also Sanches v. Carrollton-Farmers Branch Independent School Dist., 647 F.3d 156, 177-72 (5th Cir. 2011) (denying reconsideration of order denying plaintiff's motion to withdraw consent stating that dissatisfaction with a magistrate judges' decision does not constitute extraordinary circumstances).

Plaintiff fails to establish any other grounds for his requested relief: he does not make any allegations of bias or impartiality against the Magistrate Judge. (Doc. 54.) Although

Plaintiff is proceeding without a counsel, he has not presented any evidence to suggest that his consent to the Magistrate Judge's jurisdiction was involuntary or coerced. (Doc. 54.) Plaintiff has not argued that his consent was involuntary. (Doc. 54.) Plaintiff's request for recision of consent is untimely because it came after the Court entered judgment in the matter.

Having reviewed the legal conclusions of the Report and Recommendation of the Magistrate Judge, and its objections thereto, the Court finds that Plaintiff has not presented any evidence of "extraordinary circumstances" and the Court does not find any cause to justify withdrawal of the Magistrate Judge's jurisdiction. The Magistrate Judge adequately addressed all of Plaintiffs' arguments. Therefore, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge. (Doc. 53.)

**IT IS FURTHER ORDERED** that the Plaintiff's Notice for Reinstatement with Motion to Transfer to District Judge FRCP 42.1 is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall furnish a copy of this Order to Magistrate Judge Bade.

DATED this 6th day of June, 2014.

_____
Stephen M. McNamee
Senior United States District Judge

- 4 -